JAMES O. COOK, Claimant, *v.* THE STATE OF NEW YORK, Defendant. Claim No. 17484.

Court of Claims, November, 1923.

*Claims against state — injury by collapse of grand stand at state fair grounds — claimant patron of state fair and occupant of stand — state liable for negligence.*

CLAIM for injuries caused by collapse of grand stand.

*Henry J. Crawford,* for claimant.

*Thomas E. Dougherty* and *Julie R. Jenny,* deputy attorneys-general, for State of New York.

MORSCHAUSER, J. The claimant presents a claim against the state alleging that he was injured on the 11th day of September, 1922, by reason of the collapse and breaking down of a grand stand upon which the claimant was sitting at the time of the fall, the claimant being a patron of the State Fair, held at the State Fair Grounds in the city of Syracuse, N. Y., at the time of the accident to him. He alleges that he was a veteran of the Civil War and was there as a spectator to witness the sham battle reproducing the " smashing of the Hindenburg line," and that the state in erecting this grand stand was negligent and careless, thereby causing him to be injured.

The legislature by an enabling act, which became a law May 29, 1923, with the approval of the Governor provides as follows:

CHAPTER 849 OF THE LAWS OF 1923.

" Section 1. The court of claims is hereby authorized to hear, audit and determine the claim of James O. Cook against the state for personal injuries alleged to have been sustained by him as a result of the collapse or fall of a temporary grand stand or bleachers erected and maintained by the state on the state fair grounds at or near the city of Syracuse, New York, on the eleventh day of September, nineteen hundred and twenty-two; and if the court finds that such injuries were so sustained through the fault, negligence or carelessness of the state, its officers, agents or employees and without fault, negligence or carelessness of the said James O. Cook contributing thereto, damages therefor shall constitute a legal and valid claim against the state, and the court shall award to and render judgment for the claimant for such sum as shall be just and equitable provided said claim is filed with the court of claims within six months after this act shall take effect.

" § 2. This act shall take effect immediately."

The evidence upon the trial established that the claimant was a patron of the State Fair, having paid the regular admission, and was at the time of the accident sitting upon the grand stand and

that the grand stand collapsed and that in the construction of the same there were certain cleats and hooks which were furnished by the corporation that sold the grand stand to the state, which were not used in the erection of the stand, and which were found lying adjacent to the same and that these cleats and hooks were used for the purpose of holding the uprights from slipping and were necessary in order to keep the grand stand from breaking down. The state instead of using these neglected to do so and they were found lying adjacent to the grand stand at the time of the accident.

We think that the state was clearly negligent and that the claimant is entitled to recover. The claimant testified that he was injured in the side where he had been injured during the War of 1861 by a bayonet thrust at his side; that a nail ran into the fleshy part of his leg striking the bone; that his right leg was injured so that he was compelled to limp. He was taken to a hospital and remained there a short time. He was eighty-two years of age and did not lose any time as he was not employed at any work at the time of the accident.

The physician called by the state testified that he found no scar or marks and that the wound made by the nail in the leg had been very slight and that in his opinion it could not have penetrated more than a quarter of an inch into the leg of the claimant. He also stated that there was some evidence of lameness in the leg and that claimant could not properly flex the same but that in his opinion he would recover from the effects of the injury which he found in the leg. There were no marks upon the leg or no evidence of any swelling and no history of any swelling having taken place. The claimant claims that he still limps and has trouble in walking.

We think that the claimant is entitled to recover because of the negligence of the state. Fortunately the claimant did not suffer any great damage and we believe that an award of $650 would be sufficient to pay him for his pain and suffering and his lameness.

ACKERSON, P. J., concurs.

Judgment accordingly.